COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Robert Lee Hicks v. The State of Texas

Appellate case number:    01-12-00641-CR

Trial court case number:   1327680

Trial court:                     228th District Court of Harris County

Appellant's appointed counsel, Melissa Martin, has not filed a brief on appellant's behalf in the above-referenced appeal. Appellant's brief was first due on December 12, 2012. On January 29, 2013, the Court granted appellant's second motion for extension of time to file a brief, ordering that appellant's brief be filed by February 27, 2013 and that, absent extraordinary circumstances, the Court would not grant additional motions to extend time. On March 25, 2013, the Court denied appellant's third motion for extension of time. On March 26, 2013, the Clerk of the Court notified appellant that a brief had not yet been filed and required a response within 10 days. *See* TEX. R. APP. P. 38.8(b)(2). On March 26, 2013 and April 10, 2013, appellant responded with two more motions for extension of time to file the brief. These motions are **denied**.

Pursuant to Rule of Appellate Procedure 38.8, we must abate this appeal and remand the case to the trial court for a hearing. *See* TEX. R. APP. P. 38.8(b)(2)–(3). We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office, Counsel Melissa Martin, and appellant shall be present.[1] The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

(1)    whether appellant wishes to prosecute the appeal; and, if so,

(2)    whether Counsel Martin has abandoned the appeal by failing to timely file a brief on appellant's behalf;

---

1       If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(3)    and, if so, whether appellant is presently

    (a) indigent, in which case the trial court should appoint new appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, no later than 30 days from the date of the appointment; or

    (b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4)    or, if Counsel Martin has not abandoned the appeal, make appropriate findings and recommendations regarding the reason that Counsel has failed to file a brief and establish a date by which Counsel will file appellant's brief, no later than 30 days from the date of the hearing.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, and the reporter's record of the hearing to be filed in this Court **no later than May 13, 2013.**  If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than May 13, 2013.

The appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court.  The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so **ORDERED**.

Judge's signature: /s/ Sherry Radack

    ☑  Acting individually     ☐  Acting for the Court

Date:  April 18, 2013